UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HENRY MCMURRY, #223416

    Plaintiff,

v

PATRICIA CARUSO et al.,

    Defendants.
_____/

Case No. 1:07-cv-716

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff, proceeding *pro se*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 against defendants Patricia Caruso, Shirlee Harry, Mark Malone, Brett Barbier, and Donna Fritz, all of whom are associated with the Michigan Department of Corrections. Plaintiff alleges that he suffers from serious medical conditions including asthma, allergies, and chronic obstructive pulmonary disease, which cause breathlessness, wheezing, coughing, sleeplessness, and choking when he is exposed to smoke. Plaintiff claims that his exposure to environmental tobacco smoke (ETS) while housed in the Muskegon Correctional Facility (MCF) aggravated these ailments and violated his Eighth Amendment Rights. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (Dkt 162) on June 30, 2010, recommending that this Court grant Defendants' Motion for Summary Judgment (Dkt 150). That Report and Recommendation was approved and adopted in this Court's Order of July 21, 2010 (Dkt 170).

Plaintiff filed a Motion for Reconsideration pursuant to FED R. CIV. P. 59(e) (Dkt 174) on the grounds that he timely filed objections to the Report and Recommendation. In an Order entered August 18, 2010, this Court tentatively agreed that Plaintiff's objections were timely filed and directed Defendants to file a response to Plaintiff's Motion for Reconsideration, addressing both the timeliness and validity of his objections (Dkt 176). *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Pursuant to W.D. Mich. LCivR 7.4(a), even if Plaintiff's objections were timely, his motion for reconsideration is properly granted only upon a showing that a different disposition of the case must result, i.e., valid objections to the Report and Recommendation.

In their response (Dkt 177), Defendants concede that Plaintiff's objections were timely filed. The Court has therefore considered the merits of Plaintiff's Objections to the Report and Recommendation (Dkt 171).[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court concludes that Plaintiff's objections do not warrant a different disposition of this case. Accordingly, Plaintiff's Motion for Reconsideration is properly denied.

Plaintiff objects to the Report and Recommendation on the general grounds that the Magistrate Judge "incorrectly construed the Plaintiff's pleadings in the application of the actual law and authority used in the Plaintiff's pleadings and complaint" (Dkt 171 at 1). Plaintiff then sets forth

---

[1] Plaintiff filed a "Response" (Reply) to Defendants' Objections on September 3, 2010 (Dkt 178). Pursuant to W.D. Mich. LCivR 72.3(b), the Court is not required to consider this reply absent leave to file such additional briefing. However, the Court has reviewed Plaintiff's additional brief and determines that it does not alter the Court's analysis.

eight enumerated arguments, but fails for the most part to indicate to which portion of the Report and Recommendation he specifically objects. *See* W.D. Mich. LCivR 72.3(b) ( written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections"). Plaintiff's arguments overlap on various issues and his specific objections are difficult to discern. To the extent that Plaintiff's objections merely reargue his claims, particularly on new or different grounds than those presented to the Magistrate Judge, they are not proper objections to the Report and Recommendation.

Plaintiff's arguments fall within five main objections to the findings of the Magistrate Judge: (1) his exposure to ETS while housed by the MDOC violated his Eighth Amendment rights;[2] (2) defendants violated the Americans with Disabilities Act (ADA) by failing to provide Plaintiff with an ETS free environment due to his serious medical need; (3) defendants failed to uphold the Michigan Clean Indoor Air Act, MICH. COMP. LAWS § 333.12601 (2010); (4) defendants are not entitled to qualified immunity, and; (5) he has not been provided an opportunity for discovery. The Court considers the arguments accordingly.

I

In his first general objection, which is raised throughout his objections, Plaintiff reasserts his claim that his Eighth Amendment rights were violated when Defendants allowed him to be exposed

---

[2]Plaintiff's second argument in his objections cites 42 U.S.C. § 2000d and the 9th Amendment. However, this section of his objections merely continues his arguments related to his Eighth Amendment ETS exposure claim. Moreover, 42 U.S.C. § 2000d states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Plaintiff fails to show how this statute is relevant to his claims or objections. Thus, the Court will analyze the objections made under Argument II of Plaintiff's objections along with his Eighth Amendment ETS exposure claims.

to ETS despite Defendants' knowledge of (1) an existing Special Medical Accommodation issued by Dr. Tracie Ball; and (2) Plaintiff's serious medical conditions related to breathing and allergies, including asthma and chronic obstructive pulmonary disease (COPD), which are exacerbated by ETS (Dkt 171). Plaintiff essentially recounts his view of the case and realleges the claims set forth before the Magistrate Judge. Plaintiff's objections are without merit.

A

Plaintiff argues that to satisfy the objective element of his Eighth Amendment claim, he need only establish a serious need for medical care showing that he is incarcerated under conditions posing a substantial risk of serious harm (Dkt 171 at 3). *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). However, in ETS cases, the plaintiff must specifically show that he has been exposed to unreasonably high levels of ETS that create a risk "so grave that it violates contemporary standards of decency." *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). That is, as the Magistrate Judge noted, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* at 35.

Plaintiff alleges that the fact that he suffered seven major asthma attacks due to ETS exposure gives rise to an Eighth Amendment violation (Dkt 171 at 2). However, as the Magistrate Judge correctly observed, Plaintiff's allegations of exposure to high levels of ETS, violative of the *Helling* standards, were unsupported by the record. Defendants submitted evidence of air quality testing conducted by an environmental sanitarian in June of 2007, which indicated that MCF was in compliance with state environmental health standards, and a nicotine study completed in February of 2008, which revealed no detectable levels of nicotine in the unit (Dkt 162 at 8). Although

4

Plaintiff attempts to discredit this evidence,[3] Plaintiff provides no evidence of the existence of high levels of ETS, other than his allegation that he suffered seven asthma attacks resulting from ETS in the unit (Dkt 171 at 2).

Plaintiff appears to argue that, because of his Special Accommodation Notice, he had a right to be free from all ETS (Dkt 171 at 3) (asserting that "Plaintiff had a Special Accommodation Notice to be free from ETS"). In Argument V of Plaintiff's objections, he cites the testimony of Defendants Donna Fritz, Brett Barbier, and Shirlee Harry to argue that a material factual dispute exists regarding whether his housing conditions were tobacco or smoke free (Dkt 171 at 9-11). However, as the Magistrate Judge noted, "[t]he Supreme Court in *Helling* did not mandate smoke free prisons" (Dkt 162 at 7) (citing *Williams v. Howes*, No. 1:05-cv-817, 2007 WL 1032365, at *14 (W.D. Mich. Mar. 30, 2007)). Even in cases involving asthmatic plaintiffs, courts have held that the *Helling* requirement does not impose a duty to completely eliminate all ETS from the environment. *See, e.g., Colon v. Sawyer*, No. 9:03-CV-1018 LEK/DEP, 2006 WL 721763, at *9 (N.D.N.Y. Mar. 20, 2006) (asthmatic plaintiff's claim that "he [was] housed in a dormitory unit where smoking [was] permitted, and that he [was] subjected to ETS near the dining hall entrance and exit, as well as his speculation that such circumstances 'may result in catastrophic harm to [him],' . . ., simply [did] not describe conditions that rise to a level which today's society chooses not to tolerate").

The Magistrate Judge properly recognized that the unit "was tobacco free to the extent that there were enough prisoners requesting tobacco-free housing to fill the unit" (Dkt 162 at 5). Further, "neither prisoners nor staff were permitted to smoke inside the buildings" (*id.* at 4) (citing MCF

---

[3]For example, Plaintiff alleges that the exposure occurred after the ACA test in June, 2007, and that the nicotine test in February 2008 was negative for nicotine because the unit had been thoroughly cleaned in advance (Dkt 171 at 11).

Operating Procedure 01.03.140(B, C). The Magistrate Judge properly found that Plaintiff failed to establish the objective component of his claim (Dkt 162 at 8).

B

Plaintiff also argues that he satisfies the subjective element of the *Helling* test, as he argues that prison officials knew that he faced a substantial risk of harm and failed to take reasonable measures to abate that risk (Dkt 171 at 7). However, Plaintiff misunderstands the subjective element of the *Helling* test, which requires proof that Defendants exhibited a deliberate indifference to his exposure to unreasonably high levels of ETS (*see* Dkt 162 at 4) (citing *Helling*, 509 U.S. at 36). Given the evidence, the Magistrate Judge properly concluded that Plaintiff's assertions amounted to no more than imperfect enforcement of the rules and did not rise to deliberate indifference (Dkt 162 at 8). *See Talal v. White*, 403 F.3d 423, 427 (6th Cir. 2005); *Wilson v. Hofbauer*, 113 F. App'x 651, 653 (6th Cir. 2004) (imperfect enforcement of MDOC Policy Directive 01.03.140, which prohibited smoking in all occupied buildings, including housing units, "show[ed], at most, negligence by the defendants, rather than deliberate indifference"). Moreover, the adoption and enforcement of a no-smoking policy weighs heavily on the deliberate indifference inquiry. *See Helling*, 509 U.S. at 36. For these reasons, the Magistrate Judge's finding that Plaintiff failed to meet the subjective element of the *Helling* test was proper.

II

In his second general objection, contained in Argument III of his objections, Plaintiff asserts that Defendants have violated the provisions of the ADA by failing to provide Plaintiff with an ETS free environment due to his serious medical need (Dkt 171 at 4-6). This objection is without merit. As Defendants point out, there is no ADA claim at issue in this case (Dkt 177 at 6). The facts

Plaintiff sets out within this argument are essentially addressed in the context of Plaintiff's Eighth Amendment objection.

III

In his third general objection, contained in Argument IV of his objections, Plaintiff asserts that Defendants have failed to uphold the Michigan Clean Indoor Air Act (Dkt 171 at 6-9). This objection at best only states Plaintiff's disagreement with the Magistrate Judge's implied conclusion; it does not demonstrate any factual or legal error by the Magistrate Judge. In the Report and Recommendation, the Magistrate Judge cites a 2007 inspection by an environmental sanitarian, which determined that all of the housing units "were in compliance with the Indoor Air Quality Standards" (Dkt 162 at 5). Also, a 2008 nicotine-detection study by a certified industrial hygienist tested the air and walls in Unit One and detected no nicotine in the samples (*id.* at 6). Thus, the evidence demonstrates that the MDOC facility, specifically housing unit one, was in compliance with the Michigan Clean Indoor Air Act. Plaintiff's argument is therefore without merit.

IV

In his fourth general objection, contained in Argument VII of his objections, Plaintiff objects to the Magistrate Judge's conclusion that, alternatively, Defendants are entitled to qualified immunity (Dkt 171 at 14-15). Plaintiff asserts that his right to adequate medical care and treatment was clearly established and reiterates his argument that Defendants were aware of his Special Accommodation Notice and ignored it (*id.* at 14-15). However, the Magistrate Judge properly found that "because [P]laintiff cannot establish that his constitutional rights were violated, [D]efendants are entitled to qualified immunity" (Dkt 162 at 13). *See Pearson v. Callahan*, 129 S. Ct. 808 (2009).

V.

In his final objection, Plaintiff alleges that he has been denied an opportunity to participate in meaningful discovery (Dkt 171 at 15-19). This objection fails to indicate to which portion of the Report and Recommendation he specifically objects, nor does it correspond to any portion of the Report and Recommendation. Moreover, the Court has already considered and denied these arguments in Plaintiff's separately filed motions to compel or reopen discovery (Dkts 164, 169). Thus, Plaintiff is not entitled to further discovery, and the objection is denied.

Because the Court finds that Plaintiff's objections are without merit, a different disposition of this case is not warranted. Therefore:

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Dkt 174) of his Objections to the Magistrate Judge's Report and Recommendation (Dkt 171) is DENIED.


Date: April 13, 2011                     /s/ Janet T. Neff
                                         JANET T. NEFF
                                         United States District Judge